UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>HERITAGE PARKS APARTMENT LP,<br><br>        Defendant. | No. 2:23–cv–00192–KJM–KJN PS<br><br>ORDER |

       Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

       However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

I. <u>Legal Standards</u>

Pro se pleadings are to be liberally construed. <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–<u>Iqbal</u>). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 339 (9th Cir. 1996).

A. <u>Subject Matter Jurisdiction and Frivolity</u>

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. <u>Harrison v. Kernan</u>, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998); <u>Hagans v. Lavine</u>, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

### B. Federal Notice Pleading and a Complaint's Failure to State a Claim

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

3

II. <u>Discussion</u>

Plaintiff brings suit against defendant Heritage Parks Apartment for violations under the Fair Debt Collection Practices Act (FCDPA). (ECF No. 1 at 4.) The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1030 (9th Cir. 2010) (citing <u>Heintz v. Jenkins</u>, 514 U.S. 291, 292 (1995)). To state a claim under the FDCPA, a plaintiff must allege: 1) he is a consumer; 2) the debt arises out of a transaction entered into for personal purposes; 3) the defendant is a debt collector; and 4) the defendant violated one of the provisions of the FDCPA. <u>Mehl v. Green</u>, 2023 WL 3853907 at *3 (E.D. Cal. June 6, 2023)

A consumer is "any natural person obligated ... to pay any debt." 15 U.S.C. § 1692a(3). Courts have found that back rent constitutes a debt under the FDCPA because it "is an obligation that arises only from the tenant's failure to pay the amounts due under the contractual lease transaction." <u>Dickman v. Kimball, Tirey & St. John</u>, LLP, 982 F. Supp. 2d 1157, 1164 (S.D. Cal. 2013) (quoting <u>Romea v. Heiberger & Assoc.</u>, 163 F.3d 111, 115 (2d Cir. 1998)). The term "debt collector" refers to third parties, as opposed to creditors who pursue their own debts. See <u>Romine v. Diversified Collection Servs., Inc.</u>, 155 F.3d 1142, 1146 (9th Cir.1998). Creditors who use another name (and thus appear as a third party collector) may be considered a "debt collector." 15 U.S.C. § 1692a(6)(A). Section 1692e prohibits a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e. Merely advising the debtor of the debt collector's options for pursuing the debt does not amount to a threat under the FDCPA. <u>Arteaga v. Asset Acceptance, LLC</u>, 733 F. Supp. 2d 1218, 1231 (E.D. Cal. 2010).

Here, plaintiff's complaint lacks enough factual information to state an FDCPA claim, such as the nature of the debt, who defendant is in relation to the debt, and the nature of defendant's communications, including the dates and contents of the communications. See <u>Mehl</u>, 2023 WL 3853907 at *3 (to state a claim under the FDCPA, plaintiff must allege he is a consumer, the debt arises out of a transaction entered into for personal purposes, the defendant is a debt collector, and the defendant violated one of the provisions of the FDCPA). Plaintiff's

allegations that defendant "threatened and intimidated" plaintiff with garnishing his account and suing him are conclusory. See Gorman v. Wolpoff & Abramson, LLP, N. D. Cal. 2005, 370 F. Supp. 2d 1005, reversed in part on other grounds, 584 F.3d 1147, certiorari denied 562 U.S. 828, 178 (allegations of "harassing, threatening, abusive, oppressive, and annoying telephone calls" were conclusory, as they did not include the date or contents of even one of the alleged calls). Mere conclusory allegations do not meet notice pleading standard. See Iqbal, 556 U.S. at 678. Thus, plaintiff has not adequately alleged a claim under the FDCPA.

None of the remaining theories cited to in the complaint support a cause of action. (ECF No. 1 at 4, citing the Contract Clause of the U.S. Constitution, the Uniform Commercial Code (UCC), and the federal statute prohibiting criminal extortion.) Neither the Contract Clause nor the federal criminal extortion statute provide plaintiff a private right of action. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); U. S. Const., Art. I, § 10 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts."). To the extent plaintiff challenges the terms of the rental agreement, the court has no jurisdiction to hear such claims as they do not present a federal question and diversity jurisdiction does not exist, as the parties are both citizens of California.

Accordingly, plaintiff's complaint fails to state a claim for relief and must be dismissed. Title 8 U.S.C. § 1915(e)(2) (under the IFP statute, the court must screen the complaint and dismiss any claims that fail to state a claim on which relief may be granted).

III.    Leave to Amend

Because plaintiff's complaint fails to state a claim for relief, the court dismisses plaintiff's complaint and grants plaintiff leave to file an amended complaint. See Lopez, 203 F.3d at 1130-31 (prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure). In any amended complaint, plaintiff should provide additional facts regarding to whom the debt is owed, who defendant is and the nature and circumstances of defendant's communication, including the dates, format, and contents of the alleged communications from defendant. If written communications exist, plaintiff may attach the written communications to the amended complaint.

If plaintiff elects to file an amended complaint, this new pleading shall be captioned "First Amended Complaint" and filed within 28 days of this order.  Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Within 28 days from the date of this order, plaintiff shall file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  July 20, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

davi.0192